UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NEB MORROW, III,

        Plaintiff,

    -v-                          9:19-CV-555

L. VANDERWERFF *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

NEB MORROW, III
Plaintiff, Pro Se
10-A-6112
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. LETITIA JAMES            STACY A. HAMILTON, ESQ.
New York State Attorney General   Ass't Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On May 9, 2019, *pro se* plaintiff Neb Morrow, III ("plaintiff"), an inmate in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights. Dkt. No. 1  After an initial review, Dkt. No. 8, plaintiff amended his complaint, Dkt. No. 15, and the parties proceeded to discovery on plaintiff's § 1983 claim alleging that defendants violated his First Amendment rights. Thereafter, the defendants moved for summary judgment. Dkt. No. 50.

On January 6, 2022, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendants' motion be granted and that plaintiff's operative complaint be dismissed. Dkt. No. 57. As relevant here, the R&R determined that no reasonable factfinder could conclude that Vanderwerff or Tanea was personally involved in plaintiff's removal from his work assignment. *Id.* The R&R further determined that under the Second Circuit's decision in *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), plaintiff had failed to establish the personal involvement of  Graham, Ost, Bruen, Martuscello, Bellnier, McKoy, or Koenigsmann, the supervisory officials that had also been named as defendants. Dkt. No. 57.

Plaintiff sought and received an extension of the deadline in which to lodge objections to the R&R. Dkt. Nos. 58, 59. Even so, he has not filed any. Nor have defendants. The time period in which to do so has since expired. *See* Dkt. No. 59. Thus, upon review for clear error, the R&R will be accepted and adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Defendants' motion for summary judgment is GRANTED; and

3. Plaintiff's operative complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated: February 22, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge